**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4780**

———————

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

    v.

MATTHEW IAN HAUGHT,

           Defendant – Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:09-cr-00005-FPS-JES-1)

———————

Submitted: May 7, 2010            Decided: July 2, 2010

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, Randolph J. Bernard, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Ian Haught was charged with a "straw purchase" of a firearm in violation of Title 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and with possession of a firearm by a person addicted to heroin in violation of Title 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Haught was released on bond and later executed a plea agreement whereby he pled guilty to Count Two of the Indictment. Haught appeared before the district court on June 23, 2009, and entered his guilty plea, which was accepted.

Immediately after the plea hearing, Haught met with his probation officer. During that interview, the probation officer asked Haught when he last used drugs, and Haught stated that his last drug use was in January 2009. Before concluding the interview, the probation officer directed Haught to report to the probation office for a drug test before leaving the federal building. Despite this explicit instruction, Haught did not report to the probation office.

After missing his drug test on June 23, 2009, Haught was instructed to report to the probation office on June 26, 2009, for a rescheduled drug test. A urine specimen obtained from Haught on June 26, 2009, tested positive for marijuana, a finding that was later verified by an independent laboratory.

A petition was filed by Haught's probation officer requesting that his pre-trial release be revoked since he failed to appear for a drug test on June 23, 2009, and subsequently tested positive for marijuana on June 26, 2009. Following a hearing, Haught's pre-trial release was revoked.

The probation officer issued an addendum to the Presentence Report asserting that Haught was not entitled to an offense level adjustment for acceptance of responsibility. Haught filed an objection thereto; however, the district court nevertheless determined that Haught was not entitled to an adjustment for acceptance of responsibility, and sentenced him to 33 months' imprisonment, which was at the low end of the applicable guideline range. Haught appealed.

Whether an individual has accepted responsibility for his crime is a factual question, which this court reviews for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). A district court's evaluation and determination regarding a defendant's acceptance of responsibility is entitled to great deference on review and should not be disturbed unless it is without foundation. United States v. Cusack, 901 F.2d 29, 31-32 (4th Cir. 1990).

Haught argues that the district court erred by denying him an adjustment based on acceptance of responsibility. He maintains that the lie he told his probation officer regarding

his drug use was "immaterial," that his disregard for the probation officer's instruction to take a drug test on June 23, 2009, was an "innocent mistake," and that the district court erred because the evidence established that Haught's marijuana use could have just as easily occurred before the entry of his plea agreement as it could have after it. We find that Haught's arguments lack merit.

It is the defendant's burden to establish, by a preponderance of the evidence, that he is entitled to an offense level adjustment for acceptance of responsibility. United States v. May, 359 F.3d 683, 693 (4th Cir. 2004); United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). "A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility." United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). Moreover, this court has previously found that continued criminal conduct, including drug use, after a defendant has been charged may be a sufficient basis for a court to deny a defendant an adjustment for acceptance of responsibility. See United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992).

Moreover, even if the timing of Haught's drug use was somehow relevant to whether or not he could show an entitlement to an offense level adjustment for acceptance of responsibility, Haught's argument is a self-defeating one. According to Haught,

4

the district court erred by failing to give him an adjustment where the evidence showed that it was equally likely that he used drugs before entering his guilty plea as it was that he used them afterwards; however, Haught ignores the fact that it was his burden to establish an entitlement to an adjustment. Thus, to the extent that Haught needed to show that he used drugs before pleading guilty, rather than afterwards, he has failed to do so by a preponderance of the evidence, because, as Haught argues, the evidence was in equipoise regarding the timing of his drug use.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] As the Government points out, Haught has offered no explanation or evidence as to when his drug use occurred.

5